UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.:

**KYLE CHRISTOFFEL,**

**Plaintiff,**

vs.

**BAPTIST HEALTH SOUTH
FLORIDA, INC., and
HOMESTEAD HOSPITAL, INC.,**

**Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KYLE CHRISTOFFEL ("Mr. Christoffel" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, BAPTIST HEALTH SOUTH FLORIDA, INC. and ("Baptist Health") and Defendant, HOMESTEAD HOSPITAL, INC., ("Homestead Hospital") (collectively "Defendants") and alleges the following:

## INTRODUCTION

1. Plaintiff brings these claims for age and race discrimination and retaliation against Defendants in violation of the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1), Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## PARTIES

2. Plaintiff worked for Defendants from March 10, 2008, until September 22, 2021, most recently as a Registered Nurse in the Intensive Care Unit.

3. Plaintiff is protected by the ADEA and the FCRA because:

    a. He is a male over forty (40) years of age who suffered discrimination because of his age by Defendant; and

    b. He suffered an adverse employment action and was subjected disparate treatment based on his age, including being fired because of discrimination by Defendant regarding his age.

4. Plaintiff, is protected by Title VII and the FCRA because:

    a. He suffered discrimination and retaliation by Defendant on the basis of his race; and

    b. He suffered an adverse employment action and was subjected to an increasingly hostile environment, including being discharged for same.

5. Defendants are Florida not for profit corporations that are engaged in the medical services industry.

6. At all times material, Defendants employed 20 or more employees.

7. Defendants are employers as defined by 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over Plaintiff's ADEA and Title VII claims pursuant to 28 U.S.C. § 1331 as they arise under federal law and this court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA/Title VII claims.

9. Venue is proper in the Southern District of Florida because Defendant conducts substantial business in Homestead, Florida, and Plaintiff worked for Defendants in Homestead, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

10. On or around February 18, 2022, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age and race discrimination and retaliation against Defendants.

11. On or around November 14, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff, a sixty (60) year old man at the time, worked for Defendants as Registered Nurse in the Intensive Care Unit from March 10, 2008, until his termination on or around September 22, 2021.

16. During his many years with BH, Mr. Christoffel was a good and reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

17. Mr. Christoffel met or exceeded all job expectations on his most recent job evaluation by BH Registered Nurse Eileen McMahon.

18. For the last several years, Mr. Christoffel was subjected to discrimination and abuse based on age and based on race.

19. BH Respiratory Therapist Paula Horne routinely abused Mr. Christoffel due to his age and race.

20. On one occasion, Ms. Horne told a co-worker, "you had better do what I say or I will make you party with Kyle for a night," in an unsubtle dig at Mr. Christoffel's age.

21. On a separate occasion, Ms. Horne hurled a measuring tape at Mr. Christoffel, shouting aggressively, "here's your fucking tape."

22. In July of 2021, Ms. Horne, ignoring Mr. Christoffel's requests, failed to attend to patient alarms on two (2) separate occasions.

23. Ms. Horne's actions and failures to act resulted in undue stress for Mr. Christoffel and the affected patients.

24. Mr. Christoffel reported these incidents to BH's Human Resources Department and to appropriate BH Supervisors, yet Ms. Horne continued to indulge in hostile behavior towards Mr. Christoffel due to his race and age.

25. On August 3, 2021, Ms. Horne began cursing in front of a patient and multiple BH co-workers because she had bungled the placement of a BiPAP breathing machine.

26. Ms. Horne asked Mr. Christoffel for an oxygen tank, which he swiftly retrieved for Ms. Horne, however Ms. Horne nevertheless shouted at Mr. Christoffel.

27. Ms. Horne refrained from hostile behavior with all other ethnicities and with BH's younger Nurses, reserving her hateful vituperation for Mr. Christoffel due to race and due to age.

28. On several occasions over the years, Mr. Christoffel attempted conciliation with the angry Ms. Horne, but his overtures were consistently rebuffed.

29. In early August of 2021, Mr. Christoffel objected in writing to BH Human Resources Karen Castro ("Ms. Castro"), pointing out that, as an older white male, he was an easy target for Ms. Horne's harassment, as she would face no consequences for her discriminatory actions against Mr. Christoffel.

30. Mr. Christoffel was understandably nervous, as he was the last remaining White male full-time employee of the Hospital working in the ICU.

31. In mid-September of 2021, Mr. Christoffel spoke on the telephone with Ms. Castro.

32. At that time, Mr. Christoffel repeated his objections to the discrimination and abuse based on race and based on age to which BH continued to subject him.

33. Mr. Christoffel specifically noted the dramatic dwindling of White/Caucasian employees, and his increasing alienation as an older, White male Registered Nurse.

34. In response, Ms. Castro merely expressed annoyance with Mr. Christoffel, stating, "that has nothing to do with anything."

35. Shortly thereafter, on September 22, 2021, Ms. Castro convened a ZOOM video conference, also attended by BH Charge Nurse Eileen McMahon and BH Registered Nurse Roy Mendez.

36. At that time, BH informed Mr. Christoffel that BH had decided to terminate his employment after more than a decade of loyal service to BH and its patients, including more than a year of battling COVID-19 in the Unit.

37. BH swiftly replaced Mr. Christoffel with a significantly younger Registered Nurse of a different race.

38. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA, Title VII, and the FCRA.

39. Defendant took adverse action toward Mr. Christoffel but did not act similarly toward its younger, and/or non-Caucasian counterparts for the same or similar offenses.

40. Defendant does not have a non-discriminatory rationale for its conduct, and the

separation of Plaintiff's employment.

41. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age and race discrimination and retaliation he endured at the hands of the Defendant.

42. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

43. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- VIOLATION OF THE ADEA
## BASED ON AGE DISCRIMINATION

44. Plaintiff realleges and readopts the allegations contained in paragraphs 1-3, and 5-43 of the Complaint, as if fully set forth in this Count.

45. Plaintiff was over forty (40) years old when he was terminated.

46. Plaintiff was not terminated for cause.

47. Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

48. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

49. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

50. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

51. Plaintiff had more seniority than the employee who took over his primary job duties.

52. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

53. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

54. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

**WHEREFORE**, Plaintiff prays that this Court will:

55. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

56. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

57. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

58. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

59. Provide any additional relief that this Court deems just.

### COUNT II- VIOLATION OF THE FCRA BASED ON AGE DISCRIMINATION

60. Plaintiff realleges and readopts the allegations contained in paragraphs 1-3, and 5-43 of the Complaint, as if fully set forth in this Count.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

62. Plaintiff was over forty (40) years old when he was terminated.

63. Plaintiff was terminated only because of his age, and would not have been terminated,

but for his age.

64. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

65. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

66. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

67. Plaintiff had more seniority than the employee who took over his primary job duties.

68. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

69. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

70. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF- COUNT II**

**WHEREFORE**, Plaintiff prays that this Court will:

73. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

74. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

75. Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

76. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.

77. Provide any additional relief that this Court deems just.

## COUNT III DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE

78. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 2, 4-19, 22-36, 38, and 40-43, as if fully set forth in this Count.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

80. The discrimination/disparate treatment to which Plaintiff was subjected was based on his race.

81. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

82. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of

enjoyment of life, and other non-pecuniary losses.

83. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT IV - DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON RACE

87. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 2, 4-19, 22-36, 38, and 40-43, as if fully set forth in this Count.

88. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under the FCRA.

89. The discrimination/disparate treatment to which Plaintiff was subjected was based on race.

90. Defendant's discriminatory comments were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), FLA. STAT.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT V: RETALIATION
### IN VIOLATION OF TITLE VII BASED ON RACE

93. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 2, 4-19, 22-36, 38, and 40-43, as if fully set forth in this Count.

94. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

95. The retaliation to which Plaintiff was subjected was based on his race.

96. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against

Defendant to deter it, and others, from such conduct in the future.

98.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

99.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT VI - RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON RACE

100.    Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 2, 4-19, 22-36, 38, and 40-43, as if fully set forth in this Count.

101.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing race discrimination under the FCRA.

102.    Plaintiff engaged in a protected activity when he objected regarding Defendant's illegal, discriminatory conduct.

103.    Defendant retaliated against Plaintiff because of his opposition to Defendant's illegal, discriminatory conduct.

104.    Defendant's adverse employment action was causally connected to Plaintiff's objections to Defendant's discriminatory and unlawful conduct.

105.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

106.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), FLA. STAT.

107.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this February 9th, 2023.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*