UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-CV-20512-JEM

KYLE CHRISTOFFEL,

     Plaintiff,

v.

BAPTIST HEALTH SOUTH FLORIDA, INC.
and HOMESTEAD HOSPITAL, INC.,

     Defendants.

_____/

## DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, BAPTIST HEALTH SOUTH FLORIDA, INC. ("BHSF") and HOMESTEAD HOSPITAL, INC. ("HH") (collectively "Defendants"),[1] by and through their undersigned counsel, hereby file their Answer and Statement of Defenses to the Complaint and Demand for Jury Trial filed by Plaintiff, KYLE CHRISTOFFEL ("Plaintiff"), and state as follows:

In response to the unnumbered paragraph preceding Paragraph 1 of the Complaint, Defendants admit that Plaintiff sues Defendants but deny that they violated Plaintiff's rights and deny that Plaintiff is entitled to any of the damages and relief sought in this action.

## INTRODUCTION

1.     Defendants aver that Plaintiff brought this action under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act ("Title VII"), and Chapter 760 of

---

[1]     Plaintiff's employer was Homestead Hospital, Inc. and is the sole Baptist Health affiliated Defendant that is a proper party to this action. Baptist Health South Florida, Inc. submits that it is not a proper party to this action.

the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), but deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the damages and relief sought in this action.

## PARTIES

2.      Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants admit that Plaintiff is over the age of forty (40).  Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint, including the allegations set forth in sub-paragraphs a and b.

4.      The allegations set forth in Paragraph 4 of the Complaint call for legal conclusions to which no response is required.  To the extend a response is required, Defendants deny such allegations, including the allegations set forth in sub-paragraphs a and b.

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.      BHSF denies that it employed Plaintiff.  The remaining allegations set forth in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## JURISDICTION AND VENUE

8.      The allegations set forth in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

9.      The allegations set forth in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## CONDITIONS PRECEDENT

10.     Defendants aver that Plaintiff signed a Charge of Discrimination on or about February 17, 2022.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and, therefore, deny such allegations.

11.     Defendants aver that the EEOC issued a notice of rights to sue on November 11, 2022, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint and, therefore, deny such allegations.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, deny such allegations.

13.     The allegations set forth in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

14.     The allegations set forth in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny such allegations.

## FACTUAL ALLEGATIONS

15.     Defendants admit the allegations set forth in Paragraph 15 of the Complaint, except are without knowledge or information sufficient to form a belief as to the time frame to which Plaintiff refers when he was 60 years of age and, therefore, deny such allegation.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants admit that Plaintiff made a complaint against Paula Horne. Defendants deny the remaining allegations set forth in Paragraph 24.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants aver that in early August 2021, Plaintiff submitted a written complaint to Senior HR Generalist, Karen Castro, regarding Paula Horne. Defendants deny the remaining allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff was "nervous" and, therefore, deny such allegations. Defendants deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants aver that Ms. Castro spoke to Plaintiff about his allegations in August 2021, but deny the remaining allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants aver that Ms. Castro spoke to Plaintiff about his allegations in August 2021, but deny the remaining allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and, therefore, deny such allegations.

36.     Defendants admit that HH terminated Plaintiff's employment on September 22, 2021, but deny the remaining allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and, therefore, deny such allegations.

## COUNT I – VIOLATION OF THE ADEA
## BASED ON AGE DISCRIMINATION[2]

44.     Defendants repeat and re-allege their responses to Paragraphs 1 through 3, and 5 through 43 of the Complaint as though set forth fully herein.

45.     Defendants admit the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

---

[2]     In Counts I through VI of the Complaint, Plaintiff does not specify against which Defendant each specific count is brought.  Accordingly, Defendants respond on behalf of both BHSF and HH.

47.    Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.    Defendants admit that they did not consult with the EEOC or Department of Labor regarding Plaintiff's termination prior to terminating him.  Whether Defendants consulted with counsel prior to terminating Plaintiff's employment is attorney-client privileged. Defendants deny the remaining allegations set forth in Paragraph 54 of the Complaint.

## REQUEST FOR RELIEF – COUNT I

In response to the unnumbered "WHEREFORE" clause in this section following Paragraph 54 of the Complaint, Defendants deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the relief sought therein, including Paragraphs 55 through 59.

## COUNT II – VIOLATION OF THE FCRA
## BASED ON AGE DISCRIMINATION

60.    Defendants repeat and re-allege their responses to Paragraphs 1 through 3, and 5 through 43 of the Complaint as though set forth fully herein.

61.    Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.    Defendants admit the allegations set forth in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants admit that they did not consult with the EEOC or Department of Labor regarding Plaintiff's termination prior to terminating him.  Whether Defendants consulted with counsel prior to terminating Plaintiff's employment is attorney-client privileged. Defendants deny the remaining allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

## REQUEST FOR RELIEF – COUNT II

In response to the unnumbered "WHEREFORE" clause in this section following Paragraph 72 of the Complaint, Defendants deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the relief sought therein, including Paragraphs 73 through 77.

## COUNT III – DISCRIMINATION IN
## VIOLATION OF TITLE VII BASED ON RACE

78.     Defendants repeat and re-allege their responses to Paragraphs 1, 2, 4-19, 22-36, 38, and 40-43 of the Complaint as though set forth fully herein.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

In response to the unnumbered "WHEREFORE" clause following Paragraph 86 of the Complaint, Defendants deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the relief sought therein.

## COUNT IV – DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT BASED ON RACE

87.     Defendants repeat and re-allege their responses to Paragraphs 1, 2, 4-19, 22-36, 38, and 40-43 of the Complaint as though set forth fully herein.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

In response to the unnumbered "WHEREFORE" clause following Paragraph 92 of the Complaint, Defendants deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the relief sought therein.

## COUNT V – RETALIATION
## IN VIOLATION OF TITLE VII BASED ON RACE

93.     Defendants repeat and re-allege their responses to Paragraphs 1, 2, 4-19, 22-36, 38, and 40-43 of the Complaint as though set forth fully herein.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

In response to the unnumbered "WHEREFORE" clause following Paragraph 99 of the Complaint, Defendants deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the relief sought therein.

## COUNT VI – RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON RACE

100.    Defendants repeat and re-allege their responses to Paragraphs 1, 2, 4-19, 22-36, 38, and 40-43 of the Complaint as though set forth fully herein.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

In response to the unnumbered "WHEREFORE" clause following Paragraph 107 of the Complaint, Defendant deny that they violated Plaintiff's rights, and deny that Plaintiff is entitled to any of the relief sought therein.

## JURY DEMAND

Defendants admit that Plaintiff demands a jury trial, but deny the existence of any triable issues in this matter.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that has not been expressly admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted to the extent Plaintiff failed to allege each element of his claims or failed to provide legally sufficient factual details to support his conclusory allegations.  For example, Plaintiff has failed to set forth any plausible facts in support of his allegations to show that (1) he was qualified for the job; (2) he was terminated because of his race; (3) he was terminated because of his age; or (4) he was terminated because of any alleged complaint regarding discrimination.

## SECOND AFFIRMATIVE DEFENSE

Defendants have made good-faith efforts to prevent discrimination and retaliation in the workplace and, thus, cannot be held liable for the decisions of their respective agents, to the extent the challenged employment decisions were contrary to their respective efforts to comply with anti-discrimination/anti-retaliation statutes.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's race discrimination, age discrimination and retaliation claims are barred, in whole or in part, because Defendants' decision to terminate Plaintiff's employment was based on legitimate, nondiscriminatory/non-retaliatory business reasons, *i.e.*, Plaintiff violated the Workplace Violence Policy and Employee Conduct Policy on multiple occasions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's race discrimination, age discrimination, and retaliation claims are barred on the grounds that, even if any acts concerning Plaintiff were based in part on improper motives, which they were not, the same decision would have been reached, absent any consideration of Plaintiff's race, age and/or any protected activity.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any part of Plaintiff's claims are based on any action or omission that occurred outside of the applicable statute of limitations, those claims are barred, in whole or in part, by the applicable limitations periods.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals evidence of wrongdoing by Plaintiff that would serve as a basis for his termination, Plaintiff is barred from recovery pursuant to the after-acquired evidence doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that they are not liable for any alleged wrongful action taken by their employees which were taken outside the course and scope of their duties, and which were not authorized, condoned, or ratified by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's race discrimination, age discrimination, and retaliation claims fail and his recovery of damages is limited because Defendants exercised reasonable care to prevent and

promptly correct any discriminatory and/or retaliatory behavior in the workplace, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise because he failed to complain about any perceived race discrimination or age discrimination to Defendants before his termination.

### TENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff lacks standing to request equitable relief because Plaintiff did not suffer an injury in fact proximately caused by any act of Defendants and such damages are not recoverable under the applicable statutes.  Further, any injury caused to Plaintiff was due in whole or in part to Plaintiff's own action, inaction, and/or negligence or acts of third parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent discovery reveals that he failed to take reasonable steps to mitigate his damages.  Plaintiff's interim earnings or amounts he could have earned with reasonable diligence should reduce any back pay otherwise recoverable by him.  In addition, such sums may also set off and reduce other claims for damages alleged by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's race, age and/or any alleged protected activity in which he engaged was/were not a motivating factor(s) in any employment action taken with respect to Plaintiff by Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff cannot establish a causal connection between any alleged protected activity and any materially adverse action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from the relief Plaintiff seeks by virtue of the following: (a) the doctrine of estoppel, or (b) the improper actions of Plaintiff in failing to comply with Defendants' policies and the directives of his superiors.  In more detail, if the facts reveal that Plaintiff violated established policies of Defendants with regard to employment, Plaintiff should be estopped from recovering on any claim related to such violation of policy. For the same reason, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, consent, and/or mistake.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and/or liquidated damages are barred on the basis that, in the event Defendants violated any statute, Defendants' respective actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to request equitable relief.

## RESERVATION

Defendants reserve the right to raise additional affirmative defenses as discovery may reveal additional information.

WHEREFORE, having fully answered the Complaint and having raised affirmative defenses thereto, Defendants respectfully request that this Court: (i) enter judgment in their favor and against Plaintiff; (ii) award Defendants the cost of suit herein; (iii) award Defendants reasonable attorneys' fees as may be determined by the Court; and (iv) grant such further relief as the Court deems just and proper.

<div align="right">CASE NO: 1:23-CV-20512-JEM</div>

Dated: March 2, 2023

<div style="margin-left:50%">

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600

*s/ Scott S. Allen*
Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Jessica M. Turner, Esq.
Florida Bar No. 1018237
Email: *jessica.turner@jacksonlewis.com*

*Counsel for Defendants*
</div>

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of March 2023, a true and correct copy of the foregoing document was served on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

<div style="margin-left:50%">

*s/ Scott S. Allen*
Scott S. Allen, Esq.
</div>

## SERVICE LIST

| | |
|---|---|
| Noah E. Storch, Esq.<br>Florida Bar No. 0085476<br>Email: *noah@floridaovertimelawyer.com*<br>RICHARD CELLER LEGAL, P.A.<br>10368 W. State Road 84, Suite 103<br>Davie, Florida 33324<br>Telephone: (866) 344-9243<br><br>*Counsel for Plaintiff* | Scott S. Allen, Esq.<br>Florida Bar No. 143278<br>Email: *scott.allen@jacksonlewis.com*<br>Jessica M. Turner, Esq.<br>Florida Bar No. 1018237<br>Email: *jessica.turner@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br><br>*Counsel for Defendants* |

4887-5868-2705, v. 1